PROVIDENCE JEWELRY COMPANY, APPELLANT, V. GRAY MERCANTILE COMPANY, APPELLEE.

FILED DECEMBER 18, 1912.   No. 16,881.

1. Appeal: FINDINGS. Where an action at law is tried in the district court without a jury, findings of fact have the same force as a verdict.

2. Parol Evidence: SALES BY SAMPLE. Oral warranties made by an agent or traveling salesman, that the goods sold would be equal to the samples exhibited by him in procuring an order for the sale of goods, may be shown by parol, in a proper case, though the order contained the provision that the principal will not be bound by terms not in the written order.

3. Sales: REFUSAL TO ACCEPT. Independently of an express contract, a purchaser by sample may refuse to receive the goods when delivered, if they fail to correspond to the sample. *National Engraving Co. v. Queen City Laundry, ante,* p. 402.

APPEAL from the district court for Platte county; GEORGE H. THOMAS, JUDGE. *Affirmed.*

*George W. Wertz,* for appellant.

*Reeder & Lightner, contra.*

BARNES, J.

Action to recover the price of certain jewelry alleged to have been sold and delivered by plaintiff to defendant on a written order or contract. The petition was in the usual form. Defendant admitted giving the order for the goods mentioned in plaintiff's petition, and alleged that it did not contain the entire contract; that a part thereof was omitted by mistake at the time the order was given.

It was further alleged that it was agreed by and between plaintiff and defendant, at the time defendant signed the order in question, that if the articles mentioned therein were not satisfactory or equal in quality, value or pattern to the samples shown and exhibited to the defendant by plaintiff's agent or traveling salesman, the defendant should have the right to return all unsold articles, with payment for what had been sold, and the contract of sale should thereby be canceled. It was further alleged that prior to the signing of the contract, and as an inducement to the defendant to enter into the same, plaintiff falsely and fraudulently stated to the defendant that it was a manufacturer of jewelry, such as was exhibited by sample; that the prices affixed to each of the articles mentioned in the contract were the regular wholesale prices of such goods, and as cheap as any wholesale dealer could sell such merchandise; that plaintiff also falsely and fraudulently stated to defendant that all of said merchandise described in the written order would be fully equal to the samples exhibited, for quality, appearance and workmanship; that the goods were of a superior quality of gold plate, possessing good wearing qualities, and would give satisfaction to the trade generally; that at that time defendant was not familiar with the wholesale or trade prices of the goods mentioned in the contract, all of which was well known to the plaintiff; that believing the false and fraudulent representations so made by the plaintiff, relying thereon, defendant entered into the contract; that shortly after the receipt of the goods defendant discovered that all of the plaintiff's statements were false and untrue; that plaintiff was not a manufacturer; that the jewelry delivered was not equal to the samples shown to defendant, either in quality, workmanship or appearance; that the goods were not a superior quality of gold plate, and did not possess good wearing qualities; that, in fact, the goods were of no value, and were a positive damage to any dealer who would sell the same; that the prices affixed to the different articles were not the regular wholesale or

trade prices thereof; that such goods were being sold by reputable wholesale dealers from 40 to 50 per cent. less than the prices named in the order; that, upon the discovery of said facts, the defendant rescinded its said order and returned to the plaintiff all the unsold goods then on hand, together with payment for all that had been sold. The defendant prayed that the contract be reformed to correspond with the true contract between the parties, and that defendant have judgment for a dismissal of plaintiff's cause of action, together with such other relief as might to the court seem just and equitable. The reply, in substance, was a general denial. The cause was tried to the court, without the intervention of a jury. Defendant had the judgment, and the plaintiff has appealed.

It is contended that the evidence does not sustain the findings and judgment of the trial court. It appears that defendant, to maintain the issues on its part, produced several competent witnesses who testified that the goods in question were of a cheap and inferior quality; that the wholesale price on that class of goods ranged from 20 to 200 per cent. less than the prices named in the written order. The members of the defendant company testified that, at the time they made the order, they had no experience in the business of buying and selling jewelry; that they relied on the statements made by the plaintiff's traveling salesman, and that his statements were false and untrue in many particulars. This evidence was disputed by plaintiff's traveling salesman and by its president. The testimony shows beyond question that plaintiff's traveling salesman, at the time he took the order in question, had samples of the goods which he proposed to sell, and stated that the articles mentioned in the written order were equal to such samples in quality, workmanship and appearance. There was some competent testimony introduced by the defendant tending to show that the goods actually delivered were much inferior in quality, value and appearance to the samples which were exhibited to defendant at the time plaintiff obtained the written order. It was also

shown that shortly after defendant received the goods in question they ascertained their true condition and value, and, upon finding that they were not equal to the samples, defendant returned the shipment to the plaintiff, paying the return charges thereon, and forwarded a draft for the price of the small portion of the goods sold before ascertaining their actual quality and value. It appears that plaintiff refused to accept the goods and brought this suit to recover the agreed price thereof. Having in view the rule that the finding of a court in such an action has the same force as the verdict of a jury, we are of opinion that the plaintiff's contention that the evidence was insufficient to sustain the judgment must fail.

As we view this case, it must be ruled by *National Engraving Co. v. Queen City Laundry, ante,* p. 402, where it was held that, independently of an express contract, a purchaser by sample may refuse to receive the goods when delivered, if they fail to correspond to the sample. In such case a return of the goods, with payment for such as were received and sold, is a defense to an action for the purchase price thereof.

The defendant in this case having pursued that course, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., concurs in the conclusion only.